# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                          **Case No. 2:16-cv-00051 KGB**

**MARK KNIGHT,** *et al.*                                          **DEFENDANTS**

## DEFAULT JUDGMENT

Before the Court is the government's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) (Dkt. No. 27). The government seeks a default judgment foreclosing the interest of defendants Mark Knight, Wallace Seed, Inc., Midland Funding, LLC, and Mustang Capital Funding, LLC, in and to the real property described in the government's complaint for foreclosure (*Id.*).

The government's complaint seeks judgment *in rem* and foreclosure of a mortgage on real property located in Woodruff County, Arkansas, that secures loans made by the U.S. Department of Agriculture, Farm Service Agency ("USDA FSA"), to defendants Mark Knight and Suzanne Knight. The other defendants were made parties because they may have or claim an interest in the subject property. The Clerk of Court has entered default judgments as to Mr. Knight, Wallace Seed, Inc., Midland Funding, LLC, and Mustang Capital Funding, LLC, pursuant to the two-step process for entry of default judgments set forth in Federal Rule of Civil Procedure 55 (Dkt. Nos. 20; 21; 22; 26). Defendant Suzanne Knight, spouse of Mark Knight, is deceased, and the complaint against her is hereby dismissed (Dkt. No. 6). Defendants Bank of McCrory and the Arkansas Department of Finance and Administration have each filed an answer and consent to judgment *in rem* (Dkt. No. 27).

It is therefore ordered and adjudged:

1.     The Court has jurisdiction over the parties and over the property that is the subject of the government's complaint for foreclosure.

2.     Mr. Knight is in default on the payments due on his loans from the USDA FSA. There is due and owing to the United States of America, USDA FSA, on Mr. Knight's promissory notes the total sum of $190,194.41 as of May 5, 2017, with interest thereafter at the rate of $13.9995 per day.  Said indebtedness consists of unpaid principal in the sum of $134,652.83 and interest accrued through May 5, 2017, in the sum of $55,541.58.

3.     The above-described indebtedness owed to the United States of America is secured by a mortgage from Mark and Suzanne Knight to the United States of America, USDA FSA, recorded in the records of the Circuit Clerk and Recorder of Woodruff County, Arkansas, on June 23, 2005, in Book A118 at page 784, which mortgages, grants, and conveys to plaintiff a first lien on the following described property in Woodruff County, Arkansas, together with all fixtures, appurtenances, and improvements thereon:

Tract One:

A fractional part of the Northeast Quarter of the Southwest Quarter (NE ¼ SW ¼), Section 22, T6N-R1W, lying West of U.S. Highway 49, as it exists of this date and North of Stair Avenue, Town of Hilleman, County of Woodruff , State of Arkansas, and being more particularly described as follows: Commence at a point being the intersection of the South line of Section 22, T6N-R1W, and the centerline of the St. Louis-Southwestern Railroad, as it exists of this date; thence North 22°33'00" East along the centerline of said railroad a distance of 1980.60' to a point lying on the extension of the Northerly right of way line to Stair Avenue, Town of Hilleman, having a 60.00' platted right of way and not open to traffic as it exists of this date; thence North 68°34'34" West along said Northerly right of way line of Stair Avenue, a distance of 507.42' to a point; thence North 22°33'00" East parallel with the centerline of said St. Louis-Southwestern Railroad, a distance of 208.71' for a point of beginning; thence continue North 22°33'00" East parallel with the centerline of said railroad a distance of 208.71' to an existing 1 ¼" iron pipe lying on the remnants of an old fence line; thence South 68°34'34" East parallel with Stair Avenue and along said fence remnants a distance of 417.42' to a point lying in U.S. Highway 49 right of way, thence South 22°33'00" West parallel with the centerline of said St. Louis-Southwestern Railroad a distance of 208.71' to a point

being the Northeast Corner of a 1.00 acre tract of land conveyed by Lonnie Caudle to Donald E. Beck per deed record book AA-16, page 233, filed for record March 30, 1967; thence North 68°34'34" West along the Northerly line of said 1.00 acre tract of land and the extension thereof, and parallel with Stair Avenue a distance of 417.42; to the point of beginning, containing 2.00 acres with 1.88 acres lying free and clear of U.S. Highway 49 right of way.

Tract Two:

All that part of the Southwest Quarter of the Southwest Quarter (Pt. SW ¼ SW ¼) of Section Fifteen (15), Township Six (6) North, Range One (1) West, lying South and West of Highway No. 39 (now No. 269), containing 3 acres, more or less, in Woodruff County, Arkansas.

4.    Judgment *in rem* against the above-described real property is hereby awarded the United States of America, USDA FSA, in the sum of $190,194.41 as of May 5, 2017, with interest thereafter at the rate of $13.9995 per day until fully paid, plus any additional advances and recoverable charges for protection and maintenance of the property during the pendency of this action, and the costs of this action.

5.    Mr. Knight, Wallace Seed, Inc., Midland Funding, LLC, and Mustang Capital Funding, LLC, after having been properly served, are in default. All right, title, interest, estate, equity, or statutory right of redemption, dower, curtesy, and homestead held or claimed by said defendants are subordinate and inferior to plaintiff s mortgage and are hereby foreclosed.

6.    The indebtedness owed to Bank of McCrory secured by its mortgages recorded with the Circuit Clerk and Recorder of Woodruff County, Arkansas, on August 10, 1998, in Book A-89 at page 796 and on September 24, 2003, in Book A-110 at page 15 has been paid in full, and its mortgages have been released. Bank of McCrory disclaims any interest in the above-described property.

7.    The Arkansas Department of Finance and Administration filed an answer herein stating that its Certificate of Indebtedness against Mr. Knight in the amount of $1, 125.29 filed in

Woodruff County, Arkansas, on August 15, 2013, has been released. The Arkansas Department of Finance and Administration disclaims any interest in the above- described property.

8.       The mortgage held by the United States of America, USDA FSA, described in paragraph 3, above, is a first lien against the property described in paragraph 3, above, which is paramount and superior to all right, title, claim, estate, and interest of all defendants herein.

9.       If the Judgment *in rem* awarded to the USDA FSA is not paid within 10 days from the date of entry of this Judgment, the United States Marshal, Eastern District of Arkansas, is directed to sell the above described property at public auction to the highest bidder by cashier's check, or on a credit of 30 days, at the Woodruff County Courthouse, Augusta, Arkansas. The date and time of the sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate security bond, or furnish a letter of credit from a financial institution, or post a 10% down payment by cashier's check or certified check. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt, and this credit shall be an extinguishment of the debt to the extent of the credit. The Marshal shall give notice of the

sale as required by 28 U.S.C. § 2002 and shall forthwith report the result of the sale to the court.

10.     Upon the sale of the property described in paragraph 3, above, all right, title, claim, interest, estate, equity, and statutory right of redemption, and all rights of dower, curtesy, and homestead, of each of the defendants herein, in and to the property, and every part thereof, shall from that date be foreclosed and forever barred.

11.     The purchaser at said sale shall be given possession upon demand, and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal, who will proceed to place the purchaser in possession of the property.

12.     The sale proceeds, after expenses of sale, shall be paid and distributed to the USDA FSA, to the extent of the Judgment *in rem* hereby awarded to plaintiff.  Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

13.     Jurisdiction of this cause will be retained for the making of such further orders as may be necessary to effectuate this Judgment.

So ordered this the 27th day of March, 2018.


Kristine G. Baker
United States District Judge